UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRISTIAN DELBOSQUE,

    Petitioner,

  v.

KAREN BRUNSON,

    Respondent.

Case No. C06-5662RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
MARCH 16, 2007**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner is challenging a 1994 Mason County conviction and sentence for first degree aggravated murder (Dkt. # 12, exhibit 1). Petitioner was sentenced to life without possibility of parole (Dkt. # 12, exhibit 1).

Having reviewed the motion to dismiss, the response, and the reply, the court concludes this is a second or successive petition and should be transferred to the Ninth Circuit.

**FACTS AND PROCEDURAL HISTORY**

Petitioner was originally found guilty of one count of first degree aggravated murder and one count of second degree felony murder predicated on assault (Dkt. # 12, exhibit 1). He was convicted

REPORT AND RECOMMENDATION
Page - 1

in 1994.  He appealed, and his convictions and sentence were affirmed (Dkt. # 12, exhibits 3 to 7).  After exhausting his state remedies petitioner filed his first habeas corpus petition in federal court in 1997.  See, Delbosque v Morgan, 97-CV-5725RJB.  This petition challenged the two convictions and the sentence.  His petition was dismissed with prejudice.  Certificates of appealability were denied by both the District Court and the Ninth Circuit.  In 1999 the United States Supreme Court denied certiorari (Dkt # 12, exhibit 8).

Petitioner then filed two Personal Restraint Petitions in state court.  In his second petition he argued that a new state case, *In re Andress*, required the reversal of his convictions.  *In Re Andress*, 147 Wn.2d. 602 (2002).  *In Re Andress* addressed the issue of assault forming the predicate offense for a felony murder conviction.  The state court agreed the second degree felony murder conviction where assault was the predicate had to be vacated.  The conviction for first degree aggravated murder and the sentence were affirmed.

This second petition followed.  Thus, this is Mr. Debosque's second attempt to file a petition challenging his 1994 Mason County conviction and sentence for first degree aggravated murder.  This file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

## DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

(a)   **Application**.  Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An original and five copies of the application must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

Here, the petitioner is filing a second petition.  Petitioner argues he is not barred from filing because he could not have raised this issue prior to 2002.  Further, the state court has made the application of the *Andress* ruling retroactive (Dkt. # 13).  Respondent replies and notes the *Andress* decision is a state law decision and not a decision from the United States Supreme Court (Dkt. # 14).

REPORT AND RECOMMENDATION
Page - 2

Respondent argues the decision does not raise any exception to the normal second or successive habeas requirements. Respondent is correct. Petitioner has failed to show his first degree aggravated murder conviction is called into question by the holing of *In Re Andress* or that the holding in that case is an exception to the second or successive rule. Accordingly, this case must be transferred to the Ninth Circuit.

## CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 16, 2007**, as noted in the caption.

DATED this 26 day of February, 2007.

>            */S/ J. Kelley Arnold*
>            J. Kelley Arnold
>            United States Magistrate Judge